BANK OF HAWAII, Plaintiff

v.

CHINA INSURANCE COMPANY, LTD., Defendant and Third-Party Plaintiff

v.

AJB CONSTRUCTION & REMI T. DE CASTRO, Third-Party Defendants

Civil No. 200-76

Superior Court of Guam

November 3, 1976

ABBATE, *Judge*

## DECISION

Trial on the merits in the above-captioned case was completed in this Court on September 20, 1976. We reserved decision for a careful review of the law as it

pertains to (1) obligations of sureties and (2) discharge of a surety's obligations. Section 2840 of the Civil Code of Guam provides that a surety is exonerated:

1. In like manner with a guarantor;

2. To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights, or which lessens his security; or

3. To the extent to which he is prejudiced by an omission of the creditor to do anything when required by the surety which it is his duty to do:

Exoneration ". . . in like manner with a guarantor" due to creditor dealings with debtor is explained by Civil Code Section 2819:

a guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered, in any respect, or the remedies or rights of the Creditor against the principal, in respect thereto, in any way impaired or suspended.

Both parties agree that Plaintiff, Bank of Hawaii, on 21 April, 1975, mistakenly issued the third increment check, in the amount $6,412.50, to AJB Construction and to Defendant. This check should have been issued to Defendant and Perez Brothers Inc., because of an irrevocable assignment from AJB to Perez which occurred on 21 October, 1974. Defendant endorsed the check over to AJB assuming that the assignment debt to Perez had been cleared since Perez' name was left off the check and since Defendant had had no notice of the further claims of Perez (which were billed later). Plaintiff's mistake opened the door for AJB to claim the entire check without paying Perez since all protections were gone.

Defendant, China Insurance, was prejudiced in several ways by the action of Plaintiff. Defendant, having notice of the AJB to Perez assignment, was entitled thereafter to

rely on properly designated Bank increments to pay off Perez if any supplier's claim existed regardless of whether the bond was in fact a performance or payment bond. The Plaintiff, despite having had notice of the said assignment, proceeded to deal with the assignor albeit unintentionally. The resulting premature payment to AJB considerably lessened Defendant's security, thereby injuring Defendant in a manner similar to the fact setting in *Glenn County v. Jones*, 146 C. 518, 80 P. 695 (1905). Soon after it received that third increment check AJB defaulted. "The pressure which would have been exerted upon him to continue the performance of his contract . . . was removed when he received the money" (*Glenn County* at page 696). Defendant was compelled to perform by finding a replacement contractor. The Plaintiff, Bank of Hawaii, paid later checks to the substitute contractor (amount $6,344.75) and to Perez Brothers (amount $4,311.77) because claims by both were preventing the owner, Mr. Salas, from entering the new residence. No invoice inspection was made by Plaintiff as to materials late-billed by Perez Brothers prior to issuing the 21 October, 1975, check.

Plaintiff suggests that where two parties are equally at fault, a balancing of equities compels the surety to pay since this is the whole purpose for Plaintiff requiring a bond in the first instance. We neither agree that there is equality of fault nor that a balancing approach is proper. Nor does the law of Guam hold a surety liable when a creditor has so acted negligently. The Civil Code of Guam Section 2840 exonerates the surety that is prejudiced in the manner described above. While it is true that Defendant, with more diligence, might have realized the Bank's error and denied endorsement on the third increment check, we do not believe it was Defendant's obligation to so double-check the actions of the Bank. It was reasonable for Defendant to rely on the Plaintiff's careful response to the AJB to Perez

assignment, and the law of this territory exonerates the Defendant from liability for this $2,175.52 loss by Plaintiff.

Plaintiff's demand for relief is denied.

Submit order.